UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEREK L. HALL and JENNIFER HALL                                    PLAINTIFFS

v.                                            CIVIL ACTION NO. 3:18-cv-728-CWR-FKB

SAFECO INSURANCE COMPANY OF
ILLINOIS, ET AL.                                                    DEFENDANTS

## ORDER

This case is before the Court on the following discovery-related motions: (1) Plaintiffs'
Motion to Compel Disclosures and for Attorney Fees and Costs [65]; (2) Plaintiffs' Motion to
Determine the Sufficiency of Defendant's Privilege Log and to Compel Requests for Production
of Documents and for Attorney Fees and Costs [67]; (3) Plaintiffs' Motion to Compel
Interrogatories and for Attorney Fees and Costs [69]; and (4) Defendant's Motion to Compel
Medical Authorizations from Plaintiffs [83]. Having considered the relevant filings on each of
these motions, the Court orders as set forth below.

## Introduction

This case arises from an August 24, 2017, automobile accident, involving Derek Hall and
Zhen P. Chen, an underinsured driver. In this lawsuit, Plaintiff Derek Hall and his wife, Plaintiff
Jennifer Hall, seek recovery of underinsured motorist (UIM) insurance coverage benefits from
Defendant Safeco Insurance Company of Illinois (Safeco). Plaintiffs also assert bad faith claims
in relation to Safeco's investigation and handling of their UIM claims.

**(1)  Plaintiffs' Motion to Compel Disclosures and for Attorney Fees and Costs [65]**

Plaintiffs contend that Safeco's initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i)
and (ii) are insufficient. Safeco disagrees.

**(a) Safeco's disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i)**

Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party to provide:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed.R.Civ.P. 26(a)(1)(A)(i).

In paragraphs 7, 9, 10, 14, 15, 16, 17, and 19 of Defendant's First Supplemental Pre-Discovery Disclosures of Core Information, Safeco provides merely descriptions of categories of individuals. And in paragraph 13, Safeco provides essentially just names of individuals.[1] Safeco's disclosures in these paragraphs fail to comply with Fed. R. Civ. P. 26(a)(1)(A)(i). The Court orders Safeco to supplement its disclosures in each of these paragraphs to provide the name and, if known, the address and telephone number of each individual, who Safeco may use to support its defenses in this case, as well as the subject(s) of each named individual's discoverable information. Safeco is not required to provide this information for individuals that Safeco would use solely for impeachment.

**(b) Safeco's disclosures under Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party to provide:

(ii) a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed.R.Civ.P. 26(a)(1)(A)(ii).

---

[1] In their rebuttal memorandum, Plaintiffs limited the Rule 26(a)(1)(A)(i) disclosures at issue to paragraphs 7, 9, 10, 13, 14, 15, 16, 17, and 19 of Defendant's First Supplemental Pre-Discovery Disclosures of Core Information. *See* [81] at 3.

Plaintiffs acknowledge that Safeco produced 2,371 pages from the claims and underwriting files, which are comprised of 2,631 total pages. But Plaintiffs contend that Safeco must produce the *entire* claims file in its disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii) does not, however, require Safeco to produce its entire claim file; it only requires Safeco to produce "all documents . . . that [Safeco] . . . may use to support its claims or defenses." By withholding certain documents from the claims file, Safeco represents that it will not be using those documents in this case, and Safeco will be prohibited from using, at trial or otherwise, any documents withheld from production. But Plaintiffs have failed to show that Safeco has failed to comply with Fed. R. Civ. P. 26(a)(1)(A)(ii). Accordingly, the motion is denied as to Safeco's Rule 26(a)(1)(A)(ii) disclosures.

Plaintiffs' request for attorney's fees and costs is denied.

**(2)    Plaintiffs' Motion to Determine the Sufficiency of Defendant's Privilege Log and to Compel Requests for Production of Documents and for Attorney Fees and Costs [67]**

**(a)   Defendant's Privilege Log**

Fed. R. Civ. P. 26(b)(5)(A) requires,

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5)(A). A local rule of this Court, L.U.Civ.R. 26(e), further specifies the information that must be included in a privilege log submitted in cases in this Court. The undersigned has reviewed Defendant's Second Supplemental and Amended Privilege Log and finds that it sufficiently complies with Fed. R. Civ. P. 26(b)(5)(A) and L.U.Civ.R. 26(e). Accordingly, to the extent Plaintiff's motion seeks a more detailed privilege log from Safeco, the motion is denied.

3

### (b)   The Requests for Production of Documents

Having reviewed Plaintiffs' requests for production, Defendant's responses and objections, and the parties' filings on the instant motion, the Court orders as follows:

REQUEST NO. 1:  Safeco responded that it has produced the entire claims file, except for the documents listed on its privilege log. Having reviewed the privilege log, the Court finds that Safeco should produce the following documents to the undersigned for *in camera* review: S-894-95, S-1086, S-1101-44, S-1417, S-1420, S-1422-52, S-2053-2139, S-2181, S-2186-87, S-2231, S-2236, S-2238-42, S-2250, S-2261-62, S-2264, S-2341, S-2529-32, and S-2536-43. Safeco asserts, *inter alia*, work product protection as to these documents. Fed. R. Civ. P. 26(b)(3) generally protects from disclosure documents "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's *attorney*, *consultant*, surety, indemnitor, *insurer*, or *agent*)." Fed.R.Civ.P. 26(b)(3)(emphasis added). In determining whether a document constitutes work product, a "key question is when did [the insurer] shift from merely investigating the claim to anticipating litigation." *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, Civil Action No. H-11-3061, 2013 WL 6002166, at *4 (S.D. Tex. Nov. 12, 2013). "If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation," and would not constitute work product. *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003)(citing *Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *2 (E.D.La. Aug. 11, 2000)). But if the document was "assembled and brought into being in anticipation of litigation," it would be protected from disclosure as work product. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). When producing the above-listed documents for *in camera* review, Safeco must

contemporaneously file a notice of service that the documents have been submitted to the undersigned. Safeco may also contemporaneously file a memorandum, with or without any supporting affidavit(s), addressing the facts and its argument relevant to the applicability of the privileges and protections asserted in its privilege log. Within the time limits in L.U.Civ.R. 7(b)(4), Plaintiffs may file a response memorandum and Safeco may file a rebuttal memorandum.

After receiving the above-listed documents from Safeco and conducting an *in camera* review, the Court will issue an order as to what documents are protected from disclosure and what documents must be produced. As for the other documents listed on Safeco's privilege log, the Court finds that they are protected from disclosure under the protections asserted by Safeco. In sum, the Court will conduct an *in camera* review of the documents listed above, and Plaintiffs' motion as to Request No. 1 is otherwise denied.

REQUEST NO. 4: As these requested documents would be included in the claims file, the Court makes the same ruling on Request No. 4 as made above on Request No. 1.

REQUEST NO. 3:[2] This request is overly broad, vague, and ambiguous, as objected by Safeco. Plaintiffs' motion as to Request No. 3 is, therefore, denied.

REQUEST NO. 7: Safeco responded that it would produce "any such non-privileged documents." Since this Court has already ruled on Safeco's claims of privilege as to many documents and will be conducting an *in camera* review as to the remaining documents, Plaintiffs' motion regarding Request No. 7 is denied, except to the extent that the Court may order production of certain responsive documents after its *in camera* review.

REQUEST NO. 11: Safeco responded that it would produce "a copy of any such audio recordings, transcripts of any such recording, and any written correspondence or similar writing

---

[2] Although the requests are not addressed in numerical sequence in this Order, the undersigned has considered them in the same sequence that the requests are addressed in Plaintiffs' motion.

received *from Derek Hall*." [78] at 5 (emphasis added). The Court orders Safeco to produce the same from Jennifer Hall, if any such documents or things exist. Except to the extent that the Court may order Safeco to produce responsive documents or things after its *in camera* review, Plaintiffs' motion as to Request No. 11 is denied.

REQUEST NO. 16:  This request is vague and ambiguous, as it relates to "any injuries or damages related to the subject collision." Otherwise, Safeco stated that it has already produced "any such non-privileged photos or videos that were taken immediately after the accident." Except to the extent that the Court may order Safeco to produce responsive documents or things after its *in camera* review, Plaintiffs' motion as to Request No. 16 is denied.

REQUEST NO. 17:  This request is overly broad, vague, ambiguous, and lacks the "reasonable particularity" required by Fed. R. Civ. P. 34(b)(1)(A). Accordingly, Plaintiffs' motion as to Request No. 17 is denied.

REQUEST NO. 18:  This request is overly broad, vague, ambiguous, and lacks the "reasonable particularity" required by Fed. R. Civ. P. 34(b)(1)(A). Accordingly, Plaintiffs' motion as to Request No. 18 is denied.

REQUEST NO. 19 (from Jennifer Hall):  In response to Plaintiffs' motion, Safeco states that "it has no such documents," [78] at 8, and Safeco asserted no cognizable objection to this request. Accordingly, the Court orders Safeco to supplement its response to Request No. 19 from Jennifer Hall to state that it has no documents responsive to this request.

REQUEST NO. 20 (from Jennifer Hall):  In response to Plaintiffs' motion, Safeco states that "it has no such documents," [78] at 9, and Safeco asserted no cognizable objection to this request. Accordingly, the Court orders Safeco to supplement its response to Request No. 20 from Jennifer Hall to state that it has no documents responsive to this request.

REQUEST NO. 19 (from Derek Hall):  In response to this request, Safeco stated that it "cannot comply with this request as phrased without disclosing the mental impressions, conclusions, opinions, and legal theories of Safeco's attorneys or other representatives." [78] at 9. However, the work product "privilege only protects the documents, not the underlying facts." *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149, 162 (S.D.Tex. 2009)(citing *In re International Systems and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240-41 (5th Cir. 1982)). This request may encompass documents protected as work product and/or by the attorney-client privilege. But whereas documents *created* by Safeco's attorneys or other representatives may be protected as work product (or by the attorney-client privilege), the documents (for example, medical records) providing the *facts* on which their "mental impressions, conclusions, opinions, and legal theories" are based do *not* constitute work product and must be produced. Safeco's response further states that "any such documents *should* be included in the documents heretofore or hereafter produced by Defendant and others in discovery in this action." [78] at 9 (emphasis added). Safeco's response to Request No. 19 is insufficient. The Court orders Safeco to produce the non-privileged documents responsive to this request. Further, the Court orders Safeco to supplement its response to state that it has produced all such documents in its possession, custody, or control and include a description identifying the documents produced in response to this request.

REQUEST NO. 21 (from Derek Hall):  Safeco's response to this request is identical to its response to Request No. 19. For the same reasons stated above, the Court orders Safeco to produce the non-privileged documents responsive to this request and to supplement its response to state that it has produced all such documents in its possession, custody, or control and include a description identifying the documents produced in response to this request.

Plaintiffs' request for attorney's fees and costs is denied.

**(3) Plaintiffs' Motion to Compel Interrogatories and for Attorney Fees and Costs [69]**

Having reviewed Plaintiffs' interrogatories, Defendant's responses and objections, and the parties' filings on the instant motion, the Court orders as follows:

INTERROGATORY NO. 1:  The Court overrules Safeco's objections to this interrogatory. Accordingly, Plaintiffs' motion as to Interrogatory No. 1 is granted. The Court orders Safeco to supplement its response and provide the requested information.

INTERROGATORY NO. 5:  This interrogatory is overly broad. Accordingly, Plaintiffs' motion as to this interrogatory is denied.

INTERROGATORY NO. 6:  In its response to this interrogatory, Safeco objected on the grounds of work product and attorney-client privilege. The Court finds that none of the information requested in any of the subsections of this interrogatory would constitute work product or attorney-client privileged information. As for subsection (d), it only requests the "facts" on which a contention is based, and as stated above, the "privilege only protects the documents, not the underlying facts." *Enron Corp. Savings Plan*, 258 F.R.D. at 162. Accordingly, Plaintiffs' motion as to Interrogatory No. 6 is granted, and the Court orders Safeco to supplement its response and provide the information requested in each subsection, including a reasonable summary of the facts requested in subsection (d).

INTERROGATORY NO. 8 (from Jennifer Hall):  In its response to this interrogatory, Safeco objected on the grounds of work product. For the same reasons given above in relation to Interrogatory No. 6, the Court overrules Safeco's objection to this interrogatory, and Plaintiffs' motion as to Interrogatory No. 8 from Jennifer Hall is granted. The Court orders Safeco to

supplement its response and answer, "yes" or "no," and if "yes," provide a reasonable summary of the facts on which Safeco's contention is based.

INTERROGATORY NO. 9 (from Jennifer Hall):  Safeco provided the same response to this interrogatory as it provided in response to Interrogatory No. 8 from Jennifer Hall. For the same reasons given above, the Court overrules Safeco's objection, and Plaintiffs' motion as to Interrogatory No. 9 from Jennifer Hall is granted. The Court orders Safeco to supplement its response and answer, "yes" or "no," and if Safeco's answer is "yes," provide a reasonable summary of the facts on which Safeco's contention is based.

INTERROGATORY NO. 7 (from Derek Hall):  In its response to this interrogatory, Safeco objected on the grounds of work product. However, the interrogatory only requests the "facts" on which Safeco relies to support its contention, and the "privilege only protects the documents, not the underlying facts." *Enron Corp. Savings Plan*, 258 F.R.D. at 162. Accordingly, the Court overrules Safeco's objections to this interrogatory, and the Plaintiffs' motion as to Interrogatory No. 7 from Derek Hall is granted. The Court orders Safeco to supplement its response and provide a reasonable summary of the facts on which Safeco's contention is based.

INTERROGATORY NO. 8 (from Derek Hall):  Safeco provided the same response to this interrogatory as it provided in response to Interrogatory No. 7 from Derek Hall. For the same reasons given above, the Court overrules Safeco's objections to this interrogatory, and Plaintiffs' motion as to Interrogatory No. 8 from Derek Hall is granted. The Court orders Safeco to supplement its response and provide a reasonable summary of the facts on which Safeco's contention is based.

INTERROGATORY NO. 9 (from Derek Hall):  Safeco provided substantially the same response to this interrogatory as it provided in response to Interrogatory Nos. 7 and 8 from Derek

Hall. For the same reasons given above, the Court overrules Safeco's objections to this interrogatory, and Plaintiffs' motion as to Interrogatory No. 9 from Derek Hall is granted. The Court orders Safeco to supplement its response and provide a reasonable summary of the facts on which Safeco's contention is based.

INTERROGATORY NO. 10 (from Derek Hall):[3] Safeco provided substantially the same response to this interrogatory as it provided in response to Interrogatory Nos. 7, 8, and 9 from Derek Hall. For the same reasons given above, the Court overrules Safeco's objections to this interrogatory, and Plaintiffs' motion as to Interrogatory No. 10 from Derek Hall is granted. The Court orders Safeco to supplement its response and provide a reasonable summary of the facts on which Safeco's contention is based.

Plaintiffs' request for attorney's fees and costs is denied.

**(4) Defendant's Motion to Compel Medical Authorizations from Plaintiffs [83]**

Having reviewed the parties' filings on this motion, the Court orders as follows:

1. Plaintiff Derek Hall shall provide Defendant with a medical authorization to obtain information relating to his head, cervical spine, back and shoulders, and any mental or emotional condition.

2. Plaintiff Jennifer Hall shall provide Defendant with a stipulation confirming that she has never been examined or treated for any mental or emotional condition and that Plaintiffs do not intend to offer any evidence of Jennifer Hall's medical history to support her consortium claim. If Plaintiffs are unwilling to enter such a stipulation, Plaintiff Jennifer Hall shall provide Defendant a medical authorization limited to her mental or emotional condition.

---

[3] This interrogatory, as worded, makes no sense. But Safeco did not object on that ground. It is, however, obvious that Plaintiff Derek Hall intended this interrogatory to state, "If you contend that the lost wages and lost earnings complained of by Plaintiff [were not] a result of the motor vehicle collision . . . ." The Court is construing the interrogatory to be so worded.

10

3.      The Court's Order on this motion is entered without prejudice to Defendant's right to request an authorization relating to additional areas of Plaintiffs' medical history if such information becomes relevant in discovery.

### Conclusion

For the reasons stated above, the Court orders as follows:

1.      By December 23, 2019, Safeco: (1) must produce the following documents to the undersigned for an *in camera* review: S-894-95, S-1086, S-1101-44, S-1417, S-1420, S-1422-52, S-2053-2139, S-2181, S-2186-87, S-2231, S-2236, S-2238-42, S-2250, S-2261-62, S-2264, S-2341, S-2529-32, and S-2536-43; (2) must, contemporaneous with the production, file a notice of service that the documents have been produced to the undersigned; and (3) may contemporaneously file a memorandum, with or without supporting affidavit(s), addressing the facts and its argument relevant to the applicability of the privileges and protections asserted in its privilege log. Any such memorandum must be filed by December 23, 2019, and if Safeco files such a memorandum, any response or rebuttal memorandum must be filed by the deadlines set forth in L.U.Civ.R. 7(b)(4).

2.      By December 23, 2019, Safeco must supplement, in accordance with the instructions given above: (1) its disclosures in paragraphs 7, 9, 10, 13, 14, 15, 16, 17, and 19 of Defendant's First Supplemental Pre-Discovery Disclosures of Core Information, and file a notice of service; (2) its responses to Request Nos. 11, 19 (from Jennifer Hall), 20 (from Jennifer Hall), 19 (from Derek Hall), and 21 (from Derek Hall), and file a notice of service; and (3) its responses to Interrogatory Nos. 1, 6, 8 (from Jennifer Hall), 9 (from Jennifer Hall), 7 (from Derek Hall), 8 (from Derek Hall), 9 (from Derek Hall), and 10 (from Derek Hall), and file a notice of service.

3.      By December 23, 2019, Safeco must produce, in accordance with the instructions given above, all non-privileged documents responsive to Request Nos. 11, 19 (from Derek Hall), and 21 (from Derek Hall), if any. If Safeco has already produced all such non-privileged, responsive documents in its possession, custody, or control, Safeco must so state, as applicable, in the supplemental response(s) to Request Nos. 11, 19 (from Derek Hall), and 21 (from Derek Hall) ordered above.

4.      By December 13, 2019, Plaintiff Derek Hall must provide Defendant with the medical authorization described above.

5.      By December 13, 2019, Plaintiff Jennifer Hall must provide Defendant either the stipulation described above or the medical authorization described above.

SO ORDERED, this the 6th day of December, 2019.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE